

# In the
# Court of Appeals
# Second Appellate District of Texas
# at Fort Worth

_____

No. 02-23-00206-CR

_____

MICHAEL CAINE GARTRELL, Appellant

V.

THE STATE OF TEXAS

_____

On Appeal from the 355th District Court
Hood County, Texas
Trial Court No. CR15839

_____

Before Kerr, Bassel, and Womack, JJ.
Memorandum Opinion by Justice Kerr

**MEMORANDUM OPINION**

A jury found Appellant Michael Caine Gartrell guilty of possession of a controlled substance (Fentanyl), less than one gram—a state jail felony. *See* Tex. Health & Safety Code Ann. § 481.115(a), (b). The jury assessed his punishment at 18 months' confinement, and the trial court entered judgment on the verdict. *See* Tex. Penal Code Ann. § 12.35 (setting out state-jail punishment range).

Gartrell's court-appointed appellate counsel has filed a motion to withdraw as counsel and a brief in support of that motion in which he avers that, in his professional opinion, the appeal is without merit. Counsel's brief and motion meet the requirements of *Anders v. California*, 386 U.S. 738, 744–45, 87 S. Ct. 1396, 1400 (1967), by professionally evaluating the appellate record and demonstrating why no arguable grounds for relief exist. *See Stafford v. State*, 813 S.W.2d 503, 510–11 & n.3 (Tex. Crim. App. 1991). Counsel also complied with *Kelly v. State*, 436 S.W.3d 313, 319 (Tex. Crim. App. 2014).

We gave Gartrell the opportunity to file a pro se response, but he has not done so. The State did not file a response.

After an appellant's court-appointed counsel files a motion to withdraw on the ground that an appeal is frivolous and fulfills *Anders*'s requirements, we must independently examine the record for any arguable ground that may be raised on the appellant's behalf. *See Stafford*, 813 S.W.2d at 511. Only then may we grant counsel's motion to withdraw. *See Penson v. Ohio*, 488 U.S. 75, 82–83, 109 S. Ct. 346, 351 (1988).

We have carefully reviewed counsel's brief and the record. We agree with counsel that the appeal is wholly frivolous and without merit; we find nothing in the record that arguably might support the appeal. *See Bledsoe v. State*, 178 S.W.3d 824, 827–28 (Tex. Crim. App. 2005); *see also Meza v. State*, 206 S.W.3d 684, 685 n.6 (Tex. Crim. App. 2006). Accordingly, we grant counsel's motion to withdraw and affirm the trial court's judgment.

/s/ Elizabeth Kerr
Elizabeth Kerr
Justice

Do Not Publish
Tex. R. App. P. 47.2(b)

Delivered:  June 27, 2024